OPINION
Steven Skrip appeals from the trial court's refusal to grant his motion to withdraw his guilty plea to drug trafficking made after he was sentenced to seventeen months in prison.
On November 17, 2000, Skrip was indicted by the Greene County Grand Jury upon one count of trafficking in drugs. On February 20, 2001, Skrip entered a plea of guilty to the indictment. In return for Skrip's plea, the State recommended that the trial court impose a twelve month sentence. Skrip indicated to the trial court that he understood that the trial court was not bound by that agreement and could impose a harsher sentence. (Tr. 8). The prosecution represented that Skrip sold Ecstasy, an amphetamine, to a police informant for $800.
At the sentencing on April 17, 2001, Skrip's counsel indicated that Skrip was "hooked" on Ecstasy and needed drug treatment. Counsel admitted Skrip did not report for a drug assessment as scheduled by the probation department.
Skrip admitted that he pled guilty to DUI in Miamisburg, Ohio after he entered his plea and lost his driver's license for six months. Skrip said he told the probation department he could not report for an assessment because he had no way of getting to Xenia.
The sentencing hearing proceeded with a statement by the prosecutor and a discussion of the court with defense counsel:
 MS. MILLIEN: The State of Ohio originally recommended a sentence of 12 months based on the Defendant's prior criminal history and noting for the record that his history does stem back to 1992 and the Defendant's continued failure to comply with the adult probation department and the Defendant's continued use of drugs, his continued obtaining of new charges since he's been out on bond and just his lack of cooperation with regard to the adult probation department, the State would strongly recommend that the Court adopt the recommendation of the adult probation department and sentence the Defendant to 17 months in prison.
 MR. SEBREE: If I may impose an objection here. I thought once the State made an agreement for a recommendation of sentencing it was not allowed to advocate to change that. My understanding of the law is that we may have a problem here.
 It's my understanding of the law that what she just did violates the terms of the plea agreement and may be grounds to rescind the plea agreement. I'm not necessarily advising my client to do that, but I am deeply concerned with what I believe is a breach of the law here.
THE COURT: Mr. Skrip, if you'll please stand.
 The Court has considered the principles and purposes of sentencing, as well as the factors of seriousness and recidivism.
 The Court, after doing that, pursuant to 2929.13(B) makes a finding that Mr. Skrip has served previous terms of incarceration and that the Defendant at this time is not amenable to community control and prison is consistent with the principles and purposes of sentencing pursuant to the 2929.11.
 The Court further finds that the shortest prison term would not adequately protect the public from future crime by the Defendant and the Defendant does pose a great likelihood of recidivism.
 Before I impose sentence I would indicate that the Court is not in any, way, shape or form considering the recommendation by the State in its determination of sentencing. I'm going from the previous agreement that was entered into at the time of the plea. However, the Court totally independently and based upon the recommendation of the adult probation department, based upon the Court's own examination of the record and examination of the Defendant's activity since the time that we left here at the last point in the time, it's the determination by the Court that this Defendant has taken no responsibility for the offenses before the Court.
 That this Defendant has no respect for the system and that this Defendant has continually violated any orders that the Court has placed upon him. And that the Defendant's likelihood of being able to comply with any type of community control or any other type of sanctions would be almost an impossibility.
 The Court finds that the Defendant, Steve Anthony Skrip, should serve a term of 17 months for violation of Ohio Revised Code Section 2925.03(A), trafficking in drugs, a felony of the fourth degree. And he's not entitled to any days jail credit.
 The Court is not going to impose a fine. He's ordered to pay Restitution in the amount of $800.00 and all costs of prosecution.
 On May 1, 2001, Skrip moved to vacate his sentence pursuant to Crim.R. 47 and 57 and to withdraw his guilty plea pursuant to Crim.R. 32.1. Skrip contended that his plea should be set aside because the prosecutor breached her agreement with the defendant to recommend a one year sentence.
In overruling Skrip's motion, the trial court noted the following:
 In the pre-sentence investigation report, the Probation Department reflected the recommendation of the State of Ohio as twelve (12) months, consistent with the agreement between the State and the Defendant, upon which the plea was made.
 Contrary, however, to the State's recommendation and the underlying agreement, the Probation Department recommended seventeen (17) months on the Defendant's past record, but primarily on the Defendant's failure to cooperate with the Probation Department and his lack of compliance with the Court's rules and guidelines, during the pre-sentence investigation time period.
 Specifically, the Probation Department stated as follows:
 "The Defendant accepts minimal responsibilities for his actions in this case. The Defendant felt he was doing a friend a favor by selling him the ecstacy, after five or six phone calls requesting the ecstacy. The Defendant states that he is not trying to make excuses for his actions, but that he was addicted to ecstacy.
 The Defendant has not taken his legal situation seriously. The Defendant has not reported on bond as requested by this Court, nor has he cooperated with this officer's investigation. The Defendant has tested positive for illegal drugs on two (2) occasions, while on bond. The Defendant has not complied with his drug and alcohol conditions for bond. A capias was issued for the Defendant on March 20, 2001 for violations of bond conditions."
 Nowhere in the Probation Department's report and recommendation did there appear any recommendation or input from the State of Ohio other than the twelve (12) months as agreed in the Petition to Enter a Plea.
 However, at disposition, the Court gave the Defendant, defense counsel and the State of Ohio an opportunity to make a statement prior to imposition of sentencing. A representative of the State of Ohio, after a review of the Probation Department's recommendation indicated on the record as follows:
 "The State of Ohio originally recommended a sentence of twelve months based on the Defendant's prior criminal history. In noting for the record that his history does stem back to 1992 and the Defendant's continued failure to comply with the Adult Probation Department and the Defendant's continued abuse of drugs, his continued obtaining of new charges since he has been out on bond and just his lack of cooperation with regard to the Adult Probation Department, the State would strongly recommend the Court adopt the recommendation of the Adult Probation Department and sentence the Defendant to seventeen months in prison."
 The Defendant immediately imposed an objection alleging that the State had breached the agreement underlying the Defendant's plea.
 In response to the statement by the State of Ohio and the Defendant's objection, the Court immediately indicated upon the record that it was not, in anyway, shape or form considering the recommendation that was made by the State, upon the record, in its determination of sentencing. The Court further stated that it was going to proceed from the previous agreement that was entered into at the time of the plea. However, the Court totally independent from the State's revised recommendation and based upon the recommendation of the Adult Probation Department, its examination of the record and the examination of the Defendant's activities of non-compliance since the time that the Court accepted the plea, imposed the seventeen (17) month sentence.
 The Court in further explaining its disposition, specifically indicated that it found the Defendant had taken no responsibility for the offenses before the Court and that the Defendant has demonstrated no respect for the system and that the Defendant has continually violated the orders of the Court.
 In conclusion, the Court determined, based upon the Defendant's prior record, including terms of incarceration, and the Defendant's continual non-compliance and non-cooperation that the likelihood of the Defendant being able to comply with any type of community control or any other type of sanctions would be almost an impossibility and the Defendant's likelihood of recidivism would be very great.
 In deciding the Defendant's Motions and Petition, the Court has considered the argument of defense counsel, the Court's records, the pleadings, exhibits, all filed documents, the pre-sentence investigation and the transcripts of both the plea and dispositional hearing.
 Upon taking this plea, the Court admonished the Defendant that it does not guarantee or promise any disposition and the underlying agreement between the Defendant and the State of Ohio was not between the Defendant and the Court.
 The Court further advised the Defendant that his cooperation and compliance would play a major role and/or part in the Court's final determination of disposition.
 The Court specifically warned the Defendant that failure to cooperate or to be compliant with the Court's rules and/or conditions would not be in his best interests.
 From a review of the records, as previously indicated, the Defendant made no effort to cooperate with the Probation Department and/or be compliant with the Court's rules of conduct and/or guidelines.
 The Court was delivered the pre-sentence investigation and recommendation and reviewed it carefully prior to the sentencing date.
 The Court after this review had preliminarily made a determination to accept the Probation Department's recommendation. At all times during the pre-sentence investigation process and the Court's review, it was the Court's understanding that the State was recommending twelve (12) months. When the Court indicated that it was ready to proceed with disposition, prior to the statements of the parties and/or counsel, the Court had decided to adopt the recommendation of seventeen (17) months. This decision was made contrary to and in light of the State's recommendation of twelve (12) months reflected in the pre-sentence recommendation.
 It was not until the very last moment prior to the Court's imposing sentence that the State indicated its change of position and agreement with the Probation Department's recommendation.
 Although the Court understands and is sensitive to the Defendant's objection to the State's change in position, as the Court stated upon the record at the time of disposition and in reply to the Defendant's objection the State's eleventh hour change in position had no effect whatsoever on the Court's disposition.
 The State argues that their change in position was not a breach of the underlying agreement, since the agreement is in someway conditioned upon the Defendant's cooperation and compliance with the rules of the Court and the Probation Department.
 The Court finds the argument wanting in the absence of any conditional language to that effect in the agreement at the time of plea.
 The State's position, as agreed, must remain constant unless expressly conditioned. In this case, it was not. However, once the State changed its position on the record, the Court prevented any error by refusing to consider the "new" position by the State in determining disposition. The Court, in this situation, did the only thing that could be done and completely disregarded the new position of the State and considered only the position reflected and considered in the pre-sentence investigation and report.
 Obviously, by adopting the pre-sentence investigation recommendation, the Court opted not to follow the underlying agreement and State's recommendation of twelve (12) months based upon the factors occurring subsequent to the plea hearing and having nothing to do with the State or it's position.
 As the Court clearly stated upon the record at the time of sentencing the statement of the State and its verbal recommendations and/or agreement was totally disregarded. The Court's determination as to disposition was made upon the factors of seriousness and recidivism and the principles and purposes of sentencing. The record is clear as to how the Court arrived at its determination.
 In conclusion, although the State of Ohio's change of position was inappropriate at the time of disposition, the Court totally disregarded the State's new position and therefore the Defendant was not prejudiced by the State's "new" recommendation.
 The Court utilizing its discretion and authority elected to follow the probation department's recommendation and sentence to Defendant to seventeen (17) months.
 The Defendant's Motions and Petition are not well-founded and therefore, DENIED.
IT IS SO ORDERED.
 In a single assignment, Skrip argues that the trial court abused its discretion in denying his motion because the State, he argues, undeniably breached its agreement to recommend a year sentence.
In Santobello v. New York (1971), 404 U.S. 268, the Supreme Court held that a prosecutor who induces a defendant to plead guilty based on certain promises has a duty to keep those promises. In Santobello, the defendant agreed to enter a plea of guilty to a gambling offense in return for the prosecutor's agreement to make no sentence recommendation. At the sentencing the defendant received a term of one year upon the recommendation of the prosecutor who replaced the first prosecutor. Although the trial judge stated the prosecutor's recommendation made no difference to him, the Supreme Court held that the plea agreement had been breached. Chief Justice Burger wrote at page 262 and 263 of the Court's opinion.
 We need not reach the question whether the sentencing judge would or would not have been influenced had he known all the details of the negotiations for the plea. He stated that the prosecutor's recommendation did not influence him and we have no reason to doubt that. Nevertheless, we conclude that the interests of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiation of pleas of guilty will be best served by remanding the case to the state courts for further consideration. The ultimate relief to which petitioner is entitled we leave to the discretion of the state court, which is in a better position to decide whether the circumstances of this case require only that there be specific performance of the agreement on the plea, in which case petitioner should be resentenced by a different judge, or whether, in the view of the state court, the circumstances require granting the relief sought by petitioner, i.e., the opportunity to withdraw his plea of guilty. We emphasize that this is in no sense to question the fairness of the sentencing judge; the fault here rests on the prosecutor, not on the sentencing judge.
 In State v. Murnahan (1996), 117 Ohio App.3d 71, we held that a prosecutor's breach of an agreement to remain silent at disposition hearing with respect to a defendant who pleaded guilty to attempted rape did not prejudice the defendant where the trial court based its sentence on its own review of the presentence report. We held that any error was harmless, but we failed to address the Supreme Court's decision in Santobello. Accordingly, we refuse to follow the Murnahan opinion in this matter.
The appellant's assignment of error is Sustained. This matter is hereby Remanded to the trial court to vacate Skrip's conviction and either require the specific performance of the prosecutor's agreement on the plea, in which case Skrip should be resentenced by a different judge, or vacate his conviction and permit Skrip to withdraw his plea of guilty and proceed anew.
Accordingly, the judgment of the trial court is Reversed and Remanded
to the trial court to proceed in accordance with this opinion.
FAIN, J., and YOUNG, J., concur.